# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 1, 2009

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

137652

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,
v

DAVID KIRCHER,
      Defendant-Appellant.
_____/

SC: 137652
COA: 275215
Washtenaw CC: 05-001189-FH

On April 8, 2009, the Court heard oral argument on the application for leave to appeal the August 14, 2008 judgment of the Court of Appeals. On order of the Court, the application is again considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, J. (*dissenting*).

I would grant leave to appeal to consider whether the sentencing guidelines apply to MCL 324.3115(4). On the one hand, MCL 777.13c states that the guidelines apply to specifically listed felonies, including the offense specified in MCL 324.3115(4), which suggests that the guidelines *are* applicable and that a conviction under § 3115(4) carries a five-year *indeterminate* maximum sentence. On the other hand, MCL 324.3115(4) states that the trial court "shall" impose a five-year term of imprisonment, which apparently communicates a *determinate* sentence, thereby rendering the guidelines inapplicable pursuant to MCL 769.34(5). Moreover, whether MCL 324.3115(4) effectively imposes a determinate sentence for purposes of MCL 769.34(5) is placed into issue by the Legislature's use of substantially more definite language in other criminal statutes imposing determinate sentences, e.g., MCL 750.227b (possession of a firearm during the commission of a felony) (the defendant "shall" be sentenced to a "mandatory term" that "shall not be suspended" and the defendant is "not eligible for parole."); MCL 750.316(1) and MCL 791.234(6) (murder) (the defendant "shall be punished by imprisonment for life" and is "not eligible for parole."); MCL 750.543f(2) (terrorism) (the defendant "shall" be punished by imprisonment for life "without eligibility for parole."). Because of the substantial consequences for defendant's term of incarceration, I would grant leave to appeal to address this issue.

KELLY, C.J., and CAVANAGH, J., join the statement of MARKMAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 1, 2009

Clerk

p0428